# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

## CR 14 437

JESSE J. AMARAL, JR.,
a/k/a "Babe Amaral,"
FELIX SANDOVAL CABRERA
a/k/a "Felix Cabrera Sandoval,"
EUGENE D. CORDA,

DEFENDANT(S).

# INDICTMENT

18 U.S.C. § 371 – Conspiracy to Distribute Adulterated, Misbranded, and Uninspected Meat; 18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud; 21 U.S.C. §§ 610(c) and 676(a) – Distribution of Adulterated, Misbranded, and Uninspected Meat; 18 U.S.C. § 1341 – Mail Fraud; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Criminal Forfeiture

A true bill.

_Nancy J. Peterson_
Foreman

Filed in open court this _14th_ day of

_August 2014._

_____
Clerk

Bail, $ _____

• arrest warrant for Corda
• Summons for Amaral and Cabrera

/ NJH

**Nathanael Cousins**
**United States Magistrate Judge**

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

──── OFFENSE CHARGED ────

See Attachment

☐ Petty
☐ Minor
☐ Misde-
    meanor
☒ Felony

PENALTY:   See Attachment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

─── DEFENDANT - U.S. ───

▶ JESSE J. AMARAL a/k/a "BABE AMARAL"   **CRB**

DISTRICT COURT NUMBER

**CR 14 437**

─── DEFENDANT ───

──── PROCEEDING ────

Name of Complainant Agency, or Person (& Title, if any)

USDA-OIG

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW
DOCKET NO.
}

☐ this prosecution relates to a
pending case involving this same
defendant
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

MAGISTRATE
CASE NO.
}

Name and Office of Person
Furnishing Information on this form   Hartley M. K. West

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Hartley M. K. West

**IS *NOT* IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding.
      If not detained give date any prior
      summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY** ████████████
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
      If answer to (6) is "Yes", show name of institution

} ☐ Federal ☐ State

Has detainer   ☐ Yes   If "Yes"
been filed?    ☐ No    } give date
                            filed

DATE OF
ARREST ▶          Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶   Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

──── ADDITIONAL INFORMATION OR COMMENTS ────

PROCESS:
☒ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT      Bail Amount:

If Summons, complete following:
☒ Arraignment  ☒ Initial Appearance

Defendant Address:
c/o Michael Dias, Dias Law Firm, Inc.
502 West Grangeville Blvd., Hanford, California 93230

Comments: Summons may be faxed to defense counsel Michael Dias at (559) 585-7335

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time: Aug. 18, 2014, 9:30AM   Before Judge: Nathanael Cousins

# PENALTY SHEET
## UNITED STATES v. JESSE J. AMARAL a/k/a "BABE AMARAL"

FILED

2014 AUG 14 P 2: 42

OFFENSES:

18 U.S.C. § 371:  Conspiracy to Distribute Adulterated, Misbranded & Uninspected Meat (Count 1)

18 U.S.C. § 1349:  Conspiracy to Commit Mail Fraud (Counts 2, 9)

21 U.S.C. §§ 610(c) & 676(a):  Distribution of Adulterated, Misbranded & Uninspected Meat (Counts 3-8)

18 U.S.C. § 1341:  Mail Fraud (Counts 10-11) **CR  14  437 CRB**

18 U.S.C. § 2:  Aiding and Abetting

18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c):  Criminal Forfeiture

MAXIMUM PENALTIES:

Count 1:
5 years imprisonment
3 years supervised release
$250,000 fine
$100 special assessment

Counts 2, 9:
20 years imprisonment
3 years supervised release
$250,000 fine
$100 special assessment
Forfeiture

Counts 3-8:
3 years imprisonment
1 year supervised release
$10,000 fine
$100 special assessment

Counts 10, 11:
20 years imprisonment
3 years supervised release
$250,000 fine
$100 special assessment
Forfeiture

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

——— OFFENSE CHARGED ———

See Attachment

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:   See Attachment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

— DEFENDANT - U.S **CRB**
FELIX SANDOVAL CABRERA
a/k/a "FELIX CABRERA SANDOVAL"

DISTRICT COURT NUMBER

**CR 14 437**

——— DEFENDANT ———

——— PROCEEDING ———

Name of Complaintant Agency, or Person (& Title, if any)

USDA-OIG

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant
} MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under
}

Name and Office of Person
Furnishing Information on this form ____ Hartley M. K. West

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Hartley M. K. West

### IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
} ☐ Federal ☐ State
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes
been filed? ☐ No
} If "Yes"
give date
filed ____

DATE OF
ARREST ▶ Month/Day/Year ____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED
TO U.S. CUSTODY ▶ Month/Day/Year ____

☐ This report amends AO 257 previously submitted

——— ADDITIONAL INFORMATION OR COMMENTS ———

PROCESS:
☒ SUMMONS   ☐ NO PROCESS*   ☐ WARRANT

If Summons, complete following:
☒ Arraignment ☒ Initial Appearance

Defendant Address:
c/o Edward Hu, Assistant Federal Public Defender
450 Golden Gate Ave., San Francisco, California 94102

Comments:

Bail Amount: ____

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time: Aug. 18, 2014, 9:30AM   Before Judge: Nathanael Cousins

**PENALTY SHEET**    F!LED
**UNITED STATES v. FELIX SANDOVAL CABRERA**
**a/k/a "FELIX CABRERA SANDOVAL"**     14   P 2: 42

OFFENSES:

CRB

18 U.S.C. § 371:     Conspiracy to Distribute Adulterated, Misbranded & Uninspected Meat
(Count 1)

CR  14   437

18 U.S.C. § 1349:    Conspiracy to Commit Mail Fraud (Count 2)

21 U.S.C. §§ 610(c) & 676(a):     Distribution of Adulterated, Misbranded & Uninspected
Meat (Counts 3-8)

18 U.S.C. § 2:     Aiding and Abetting

18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c):     Criminal Forfeiture

MAXIMUM PENALTIES:

Count 1:     5 years imprisonment
3 years supervised release
$250,000 fine
$100 special assessment

Count 2:     20 years imprisonment
3 years supervised release
$250,000 fine
$100 special assessment
Forfeiture

Counts 3-8:     3 years imprisonment
1 year supervised release
$10,000 fine
$100 special assessment

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

——— OFFENSE CHARGED ———

See Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Attachment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

——— DEFENDANT - U.S ———

▶ EUGENE D. CORDA

*CRB*

DISTRICT COURT NUMBER

**CR  14  437**

DEFENDANT

——— PROCEEDING ———

Name of Complaintant Agency, or Person (& Title, if any)

USDA-OIG

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:    } SHOW DOCKET NO.
☐ U.S. ATTORNEY   ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant    } MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under    }

Name and Office of Person
Furnishing Information on this form    Hartley M. K. West

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Hartley M. K. West

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction    } ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    } If "Yes"
been filed?  ☐ No    give date filed

DATE OF ▶ Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

——— ADDITIONAL INFORMATION OR COMMENTS ———

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

Bail Amount: No Bail

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                     Before Judge:

Comments: Please permit an agent from USDA-OIG to pick up the warrant from the Clerk's Office.

# PENALTY SHEET
## UNITED STATES v. EUGENE D. CORDA

FILED

2014 AUG 14  P 2: 42

OFFENSES:

18 U.S.C. § 371:      Conspiracy to Distribute Adulterated, Misbranded & Uninspected Meat
                      (Count 1)

18 U.S.C. § 1349:     Conspiracy to Commit Mail Fraud (Count 2)

**CRB**

21 U.S.C. §§ 610(c) & 676(a):     Distribution of Adulterated, Misbranded & Uninspected
                                  Meat (Counts 7-8)

**CR 14 437**

18 U.S.C. § 2:        Aiding and Abetting

18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c):     Criminal Forfeiture

MAXIMUM PENALTIES:

Count 1:          5 years imprisonment
                  3 years supervised release
                  $250,000 fine
                  $100 special assessment

Count 2:          20 years imprisonment
                  3 years supervised release
                  $250,000 fine
                  $100 special assessment
                  Forfeiture

Counts 7-8:       3 years imprisonment
                  1 year supervised release
                  $10,000 fine
                  $100 special assessment

1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
3
4
5
6
7                                                                        **CRB**
8
                       UNITED STATES DISTRICT COURT
9
                      NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN FRANCISCO DIVISION
11
                                  **CR** NO. **14        437**
12  UNITED STATES OF AMERICA,                )
                                             )
13          Plaintiff,                       )  VIOLATIONS:  18 U.S.C. § 371 – Conspiracy to
                                             )  Distribute Adulterated, Misbranded, and Uninspected
14     v.                                    )  Meat; 18 U.S.C. § 1349 – Conspiracy to Commit
                                             )  Mail Fraud; 21 U.S.C. §§ 610(c) and 676(a) –
15  JESSE J. AMARAL, JR.,                    )  Distribution of Adulterated, Misbranded, and
        a/k/a "Babe Amaral,"                 )  Uninspected Meat; 18 U.S.C. § 1341 – Mail Fraud;
16  FELIX SANDOVAL CABRERA                   )  18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C.
        a/k/a "Felix Cabrera Sandoval," and  )  § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal
17  EUGENE D. CORDA,                         )  Forfeiture
                                             )
18          Defendants.                      )  SAN FRANCISCO VENUE
                                             )
19
20  _____
21                             I N D I C T M E N T
22  The Grand Jury charges:
23                        INTRODUCTORY ALLEGATIONS
24     At all times relevant to this Indictment:
25              Background Regarding Rancho and Rancho Personnel
26     1.     Rancho Feeding Corporation ("Rancho") was a livestock slaughterhouse located in
27  Petaluma, California. Rancho was authorized by the United States Department of Agriculture (USDA)
28  to slaughter and process cattle, among other animals, for human consumption.

INDICTMENT

2.     Defendant Jesse J. AMARAL, Jr., also known as "Babe Amaral," and R.S. jointly owned Rancho. AMARAL was Rancho's President and General Manager, controlling the company's day-to-day operations. R.S. was primarily responsible for purchasing cattle and loading shipments of processed cattle for distribution. R.S. also managed onsite operations at Rancho when AMARAL was unavailable.

3.     Defendant Felix Sandoval CABRERA, also known as "Felix Cabrera Sandoval," was Rancho's foreperson. As such, he was responsible for the staff and operations of Rancho's "kill floor," where livestock were slaughtered. CABRERA was also primarily responsible for "knocking" cattle, the process by which cattle are stunned prior to slaughter.

4.     Defendant Eugene D. CORDA was Rancho's primary yardperson, responsible for receiving cattle and moving them for inspection and slaughter.

<u>Background Regarding Rancho Operations</u>

5.     R.S. purchased cattle for Rancho's slaughter operations from livestock auction houses in Northern California and Nevada, as well as from private farmers. Some of the purchased cattle exhibited signs of epithelioma, that is lumps or other abnormalities around the eye, and were thus less expensive than cattle that appeared completely healthy.

6.     CORDA or another Rancho employee moved newly-arrived cattle into one of several outdoor holding pens. Cattle exhibiting signs of epithelioma, also known as cancer eye, were moved into a pen referred to as "9A."

7.     AMARAL or R.S. determined the order in which cattle would be processed for inspection and slaughter. At AMARAL's or R.S.'s instruction, CORDA moved specified cattle into a designated pen for ante mortem inspection by a USDA veterinarian or an inspector with the USDA's Food Safety and Inspection Service (FSIS).

8.     Generally, cattle that passed the ante mortem inspection were moved directly into the "kill chute" and onto the kill floor, where they were knocked, slaughtered, and inspected again. Carcasses that passed this post mortem inspection were tagged and prepared for transport and sale. Cattle that were condemned following post mortem inspection were deposited into the "gut bin."

///

///

INDICTMENT                                    2

The Federal Meat Inspection Act

9.     The Federal Meat Inspection Act (FMIA) was enacted to protect "the health and welfare of consumers . . . by assuring that meat and meat food products distributed to them are wholesome, not adulterated, and properly marked, labeled, and packaged." 21 U.S.C. § 602. FSIS was responsible for implementing the inspection provisions of the FMIA. 9 C.F.R. § 300.3(a).

10.     Cattle carcasses, carcass parts, and meat were deemed "adulterated" if for any reason they were "unsound, unhealthful, or otherwise unfit for human food." 21 U.S.C. § 601(m)(3). The term "misbranded" applied to "any carcass, part thereof, meat or meat food product . . . if its labeling is false or misleading in any particular." 21 U.S.C. § 601(n).

11.     The FMIA and its implementing regulations required inspection both before and after slaughter of all livestock and carcasses that could be used as human food. 21 U.S.C. § 604; 9 C.F.R. § 309.1. The ante mortem inspection required designation as "U.S. Suspect" of any cattle suspected of being affected with a condition that could cause condemnation of the carcass on post mortem inspection. 9 C.F.R. Pt. 311. One such condition was epithelioma of the eye, or cancer eye. 9 C.F.R. §§ 309.2(e) and 311.12.

12.     The FMIA further required that all unadulterated carcasses and parts be marked "Inspected and passed," while adulterated carcasses and parts were required to be labeled "Inspected and condemned" and destroyed for food purposes in the presence of an inspector. 21 U.S.C. § 604.

13.     The FMIA prohibited the sale and transport in commerce of adulterated or misbranded cattle, carcasses, and parts of carcasses, which are capable of use as human food, as well as the sale and transport of any articles required to be inspected that were not so inspected and passed. 21 U.S.C. § 610(c).

## MANNER AND MEANS OF THE CONSPIRACIES

### Fraudulent Processing of Condemned Cattle and Cancer Eye Cows

14.     Beginning in approximately mid to late 2012 and continuing through January 10, 2014, AMARAL directed Rancho employees to process cattle that had already been condemned by the USDA veterinarian. Specifically, AMARAL instructed CABRERA which condemned cattle should be processed and, based on this instruction, CABRERA in turn directed kill floor employees to carve

INDICTMENT                                          3

1  "USDA Condemned" stamps out of the cattle carcasses and to process the carcasses for transport, sale,
2  and distribution.

3      15.    Also beginning in approximately mid to late 2012 and continuing through January 10,
4  2014, AMARAL and R.S. directed CORDA and CABRERA to circumvent inspection procedures for
5  certain cancer eye cows.  Acting at AMARAL's and R.S.'s instructions, CORDA swapped uninspected
6  cancer eye cows for cattle that had already passed ante mortem inspection and were awaiting slaughter.
7  CABRERA knocked the cancer eye cows, and he or another kill floor employee at his instruction
8  slaughtered them and deposited their heads in the gut bin.  CABRERA, or another kill floor employee at
9  his instruction, placed heads from apparently healthy cows, which had been previously reserved, next to
10 the cancer eye cow carcasses.  This switch and slaughter of uninspected cancer eye cows occurred
11 during the inspectors' lunch breaks, a time during which plant operations were supposed to cease.  When
12 the inspectors returned from lunch for post mortem inspections, they were unaware that the carcasses
13 they were inspecting belonged to cancer eye cows that had escaped ante mortem inspection.

14     16.    Between January 2013 and January 2014, Rancho processed and distributed for human
15 consumption carcasses, carcass parts, and meat from approximately 101 condemned cattle and
16 approximately 79 cancer eye cows.  Rancho mailed or delivered invoices to buyers in connection with
17 each such distribution and, based on these invoices, the buyers mailed payments to Rancho.  At
18 AMARAL's and R.S.'s instructions, Rancho compensated CABRERA approximately $50.00 for each
19 condemned carcass or uninspected cancer eye cow carcass that Rancho distributed.

20                                    Fraudulent Invoicing

21     17.    Beginning no later than 2012 and continuing through January 2014, AMARAL caused
22 Rancho to mail fraudulent invoices for cattle to farmers.  Specifically, AMARAL falsely advised
23 farmers that their cattle had died or been condemned, knowing that the cattle had in fact been sold for
24 human consumption.  Acting with R.S.'s knowledge and consent, AMARAL then created and caused
25 others to create invoices charging the farmers "handling" fees for disposal of the carcasses, instead of
26 compensating them based on the sale price.  Between January 2013 and January 2014, Rancho mailed
27 fraudulent invoices to farmers in this manner for approximately seventeen cattle.

28 ///

INDICTMENT                                    4

1  COUNT ONE: (18 U.S.C. § 371 – Conspiracy to Distribute Adulterated, Misbranded, and
                Uninspected Meat)
2

3      18.    Paragraphs 1 through 16 of this Indictment are hereby re-alleged and incorporated by

4  reference as if set forth in full herein.

5      19.    Beginning in mid to late 2012 and continuing through on or about January 10, 2014, in

6  the Northern District of California and elsewhere, the defendants,

7                            JESSE J. AMARAL, JR.,
                        FELIX SANDOVAL CABRERA, and
8                            EUGENE D. CORDA,

9  and others did knowingly and willfully conspire to sell and transport adulterated, misbranded, and

10  uninspected cattle carcasses, parts of carcasses, and meat, and the sale and transport involved an intent

11  to defraud, distribution, and attempted distribution of an article that was adulterated, in violation of the

12  Federal Meat Inspection Act, Title 21, United States Code, Sections 610(c) and 676(a).

13                                      OVERT ACTS

14      20.    In furtherance of the conspiracy and to effect the objects of that conspiracy, in the

15  Northern District of California and elsewhere, AMARAL, CABRERA, CORDA, and others committed

16  the following overt acts:

17          a.    On or about January 2, 2013, CABRERA acting on AMARAL's instructions

18  ordered a Rancho employee to remove the "USDA condemned" stamp from two condemned cattle.

19          b.    On or about January 4, 2013, AMARAL and Rancho employees acting on

20  AMARAL's instructions sold for human consumption carcasses, carcass parts, and meat from two

21  condemned cattle.

22          c.    On or about April 11, 2013, CABRERA acting on AMARAL's instructions

23  ordered a Rancho employee to remove the "USDA condemned" stamp from three condemned cattle.

24          d.    On or about April 16, 2013, AMARAL and Rancho employees acting on

25  AMARAL's instructions sold for human consumption carcasses, carcass parts, and meat from three

26  condemned cattle.

27  / / /

28  / / /

INDICTMENT                                      5

1    e.    On or about January 10, 2014, AMARAL and Rancho employees acting on

2  AMARAL's instructions sold for human consumption carcasses, carcass parts, and meat from two

3  cancer eye cows that had not undergone complete USDA inspections.

4    All in violation of Title 18, United States Code, Section 371.

5

6  COUNT TWO:  (18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud)

7    21.    Paragraphs 1 through 16 of this Indictment are hereby re-alleged and incorporated by

8  reference as if set forth in full herein.

9    22.    Beginning in mid to late 2012 and continuing through on or about January 10, 2014, in

10  the Northern District of California and elsewhere, the defendants,

11                         JESSE J. AMARAL, JR.,
                      FELIX SANDOVAL CABRERA, and
12                         EUGENE D. CORDA,

13  and others did knowingly and willfully conspire to devise a material scheme and artifice to defraud, and

14  to obtain money and property by means of materially false and fraudulent pretenses, representations,

15  promises, and omissions, namely, by knowingly and intentionally selling and transporting adulterated,

16  misbranded, and uninspected cattle carcasses, parts of carcasses, and meat, and did knowingly cause

17  items, specifically payments for these cattle, to be delivered by the Postal Service and by a private or

18  commercial interstate carrier according to the directions thereon for the purpose of executing and

19  attempting to execute this scheme, in violation of Title 18, United States Code, Section 1349.

20

21  COUNTS THREE THROUGH SIX:  (21 U.S.C. § 610(c) and § 676(a) – Distribution of Adulterated
                         and Misbranded Meat; 18 U.S.C. § 2 – Aiding and Abetting)
22

23    23.    Paragraphs 1 through 14 and 16 of this Indictment are hereby re-alleged and incorporated

24  by reference as if set forth in full herein.

25    24.    On or about the following dates, in the Northern District of California and elsewhere, the

26  defendants,

27                         JESSE J. AMARAL, JR., and
                      FELIX SANDOVAL CABRERA,
28

INDICTMENT                              6

and others did knowingly sell and transport in commerce cattle carcasses, parts of carcasses, and meat which were capable of use as human food, and which were adulterated and misbranded at the time of such sale and transport, and the sale and transport involved an intent to defraud, distribution, and attempted distribution of an article that was adulterated, in that the carcasses identified by the below tag numbers were condemned and the condemnation stamps removed prior to sale and transport, and did aid and abet the same:

| Count | Date | Carcass Tag No. |
|-------|------|-----------------|
| 3 | Jan. 4, 2013 | 299 |
| 4 | June 27, 2013 | 354 |
| 5 | Sept. 12, 2013 | 571 |
| 6 | Dec. 24, 2013 | 693 |

All in violation of the Federal Meat Inspection Act, Title 21, United States Code, Sections 610(c) and 676(a), and Title 18, United States Code, Section 2.


COUNTS SEVEN AND EIGHT: (21 U.S.C. § 610(c) and § 676(a) – Distribution of Adulterated, Misbranded, and Uninspected Meat; 18 U.S.C. § 2 – Aiding and Abetting)

25. Paragraphs 1 through 13, 15, and 16 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

26. On or about the following dates, in the Northern District of California and elsewhere, the defendants,

JESSE J. AMARAL, JR.,
FELIX SANDOVAL CABRERA, and
EUGENE CORDA,

and others did knowingly sell and transport in commerce cattle carcasses, parts of carcasses, and meat which were capable of use as human food, and which were adulterated, misbranded, and uninspected at the time of such sale and transport, and the sale and transport involved an intent to defraud, distribution,

INDICTMENT                                    7

1 | and attempted distribution of an article that was adulterated, in that cancer eye cow carcasses identified
2 | by the below tag numbers did not undergo full USDA inspection prior to sale and transport, and did aid
3 | and abet the same:

| Count | Date | Carcass Tag No. |
|-------|------|-----------------|
| 7 | Jan. 10, 2014 | 321 |
| 8 | Jan. 10, 2014 | 322 |

9 | All in violation of the Federal Meat Inspection Act, Title 21, United States Code, Sections 610(c)
10 | and 676(a).

12 | COUNT NINE:  (18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud)

13 | 27.     Paragraphs 1 through 13 and 17 of this Indictment are hereby re-alleged and incorporated
14 | by reference as if set forth in full herein.

15 | 28.     Beginning in or about 2012 and continuing through on or about January 10, 2014, in the
16 | Northern District of California and elsewhere, the defendant,

17 | JESSE J. AMARAL, JR.,

18 | and others, including R.S., did knowingly and willfully conspire to devise a material scheme and artifice
19 | to defraud, and to obtain money and property by means of materially false and fraudulent pretenses,
20 | representations and promises, and by material omissions, namely, by advising cattle farmers that their
21 | cattle had died or were condemned, and did knowingly cause items, specifically invoices for these cattle,
22 | to be delivered by the Postal Service and by a private or commercial interstate carrier according to the
23 | directions thereon for the purpose of executing and attempting to execute this scheme, in violation of
24 | Title 18, United States Code, Section 1349.

26 | COUNTS TEN AND ELEVEN:  (18 U.S.C. § 1341 – Mail Fraud)

27 | 29.     Paragraphs 1 through 13 and 17 of this Indictment are hereby re-alleged and incorporated
28 | by reference as if set forth in full herein.

INDICTMENT                                            8

30.     On or about the following dates, in the Northern District of California and elsewhere, the defendant,

JESSE J. AMARAL, JR.,

did knowingly cause the following items to be delivered by the Postal Service and by a private or commercial interstate carrier according to the directions thereon, for the purpose of executing a scheme and artifice to defraud as to a material matter, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, namely, by advising cattle farmers that their cattle bearing the carcass tags identified below had died or were condemned:

| Count | Approx. Date | Description of Mailing | Carcass Tag No. |
|-------|--------------|------------------------|-----------------|
| 10    | Jan. 4, 2013 | Rancho Invoice 75973   | 345             |
| 11    | Jan. 9, 2014 | Rancho Invoice 79738   | 322             |

All in violation of Title 18, United States Code, Section 1341.

FORFEITURE ALLEGATION:  (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c) – Forfeiture)

31.     Paragraphs 1 through 16, 21, 27, and 29 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

32.     Upon conviction of an offense set forth in Counts 2, 9, 10, or 11 of this Indictment, alleging violation of Title 18, United States Code, Sections 1341 and 1349, the defendant,

JESSE J. AMARAL, JR.,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section § 981(a)(1)(C) and Title 28, United States Code, Section § 2461(c), any property, real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction.

33.     If any of the property described above, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

INDICTMENT                                              9

c.     has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without

difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States

Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

DATED: August _14_, 2014                          A TRUE BILL.

_Nancy J. Reterum_
FOREPERSON

MELINDA HAAG
United States Attorney

_J. Douglas Wilson_
J. DOUGLAS WILSON
Chief, Criminal Division

(Approved as to form: _HWest_ )
                      AUSA WEST

INDICTMENT                          10